## Case No. 17,129.

In re WALTON et al.

[Deady, 510.] [1]

District Court, D. Oregon. Dec. 26, 1868.

BANKRUPTCY—PROOF OF CLAIMS—INDIVIDUAL AND PARTNERSHIP DEBTS—SUFFICIENCY OF PROOFS.

1. Proof of a debt against a partnership should not be joined with proof of a debt against an individual partner.

2. Proof of a debt should show with reasonable certainty whether it was contracted by a partnership or the individual partners.

3. A claim not duly proved must be rejected; and a claim is not duly proved unless it appears from the statement of the deponent thereto, that a debt exists which the creditor has a present right to have paid out of the estate of the bankrupt.

[In bankruptcy. For a prior proceeding in this suit, see Case No. 17,128.]

M. W. Fechheimer, for the motion.

DEADY, District Judge. Motion by the assignee to expunge the claim of E. P. Coleman from the list of claims proved against the estate of said bankrupts. The proof of the claims in question was made by the creditor in person, July 28, 1868. It substantially states: That at and before the filing of the petition herein, J. J. and C. W. Walton, were and still are indebted to the deponent in the sum of $159—balance due on a promissory note, given to deponent about March 1, 1868, for money loaned said bankrupts; also, that at and before the filing of said petition, C. W. Walton was and still is indebted to deponent in the sum of $178, on account for wines and liquors sold said C. W. Walton in 1867 and 1868. Then follows the proper allegation as to whether the deponent had received satisfaction or security for such sums or any part thereof. In conclusion the proof states, as required by the act [of 1867 (14 Stat. 527)].—section 22.—that said claims or either of them were not procured for the purpose of influencing the proceedings under the bankrupt act, and that no bargain, etc., has been made, etc., by deponent "to sell, transfer, or dispose of said claim or any part thereof against said bankrupt," etc. The grounds of the motion are substantially these: (1) That proof is informal; (2) it does not appear from the proof whether the claim for borrowed money is intended to be proved against the individual estate of the bankrupts or against the estate of the partnership, consisting of J. J. and C. W. Walton, and known as J. J. Walton & Son; and (3) it does not appear from the proof whether the claim for wines and liquors is intended to be proved against the partnership estate or the individual estate of C. W. Walton.

The first objection to the proof is well taken.

---

[1] [Reported by Hon. Matthew P. Deady, District Judge, and here reprinted by permission.]

Here are two distinct debts against different estates included in one proof or deposition. When parties are adjudged bankrupts, the result is or may be that several distinct estates are to be administered in that proceeding. First, there are the estate and debts of the company or partnership, and then the separate estate and debts of each individual included in the partnership. Proof of a debt against either of these estates ought not to include or be joined with the proof of a debt against either of the others. The act (section 36) provides that all the creditors of the company and the separate creditors of each partner, shall be allowed to prove their respective debts, and that a separate account shall be kept of the partnership property "and of the separate estate of each member thereof." The reasonable inference from these and similar provisions contained in section 36 is, that these partnership and individual estates are to be administered separately, and therefore the proof of a debt or debts against either should not be joined with the like proof against another. Besides, there is nothing elsewhere in the act or in the general orders or forms that countenances the contrary practice.

By the second and third objections the question is raised whether the proof is sufficiently certain or not. The claim for money loaned is not proved against the partnership of J. J. Walton and son, but against the individuals who constitute that partnership. The consideration of the debt is stated to be money loaned J. J. and C. W. Walton. The probable inference is that it was loaned to them as individuals, and that their individual estates are liable for it, but not the partnership estate—at least until the partnership debts are first satisfied. But another inference may be drawn from the statement in the proof, and from other circumstances it is highly probable that the creditor intended to prove this debt against the partnership estate. In this respect the proof is uncertain. If intended to establish a debt against the partnership estate, it should state that the firm or company, describing it by its firm name and the individuals who composed it—was indebted to the creditor, and how and for what amount. As to the claim for wines and liquors, it seems to me to be stated with sufficient certainty in this particular. It is stated that C. W. Walton is indebted to the creditor for articles sold him. This is plainly the proof of a debt against the separate estate of C. W. Walton only. But the proof does not state that the deponent had not bargained to sell either of the claims stated, but only "said claim against said bankrupt." This allegation, whatever was intended by the deponent, only includes one claim, and that the one against a single person. The only claim stated which answers to this description is the one against C. W. Walton. The other claim is stated to be against the bankrupts—both father and son. Then as to the claim for money loaned to J. J. and C. W. Walton there is in the proof, no allegation that

deponent had not bargained to sell or dispose of it. By the act (section 22), the court is required "to reject all claims not duly proved." A claim may be said to be duly proved when the statements of the deponent, if true, establish prima facie the existence of the debt, and the present right of the creditor to payment of the same out of the estate of the bankrupt. But a claim is not duly proven when any allegation which the act requires to be made in the proof concerning it is omitted—as that the creditor has not bargained to sell or dispose of it; or where the proof is not made in conformity with the forms prescribed and the rules and practice of the court. The motion is allowed; let the proof be expunged.

[For a subsequent proceeding see Case No. 17,130.]